**Patricia BLAU, Petitioner,**

v.

**SUBVERSIVE ACTIVITIES CONTROL BOARD, Respondent.**

**No. 15196.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 10, 1962.

Decided June 6, 1963.

Mr. Joseph Forer, Washington, D. C., argued the motion to dismiss and vacate for petitioner.

Mrs. Lee B. Anderson, Attorney, Department of Justice, argued in opposition to the motion. With her on respondent's answer were Mr. Frank R. Hunter, Jr., General Counsel, Subversive Activities Control Board, and Mr. Kevin T. Maroney, Attorney, Department of Justice.

Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and DANAHER, Circuit Judge.

PRETTYMAN, Senior Circuit Judge.

This is another of the cases referred to in Labor Youth League v. Subversive Activities Control Board.[1] The Colorado Committee to Protect Civil Liberties was an unincorporated association formed in 1954. Its declared purpose was the defense of certain persons accused under the Smith Act. It raised money to supply bail bonds and defense counsel for Colorado residents thus accused. The position of the Government is that the members of this Committee were the members of the Communist Party in Colorado.

In August, 1956, the Attorney General petitioned the Subversive Activities Control Board for an order requiring the Committee to register as a Communist-front organization under Section 7 of the Subversive Activities Control Act of 1950.[2] After hearings the Board, on

---

1. 116 U.S.App.D.C. ——, 322 F.2d 364 (1963).

2. 64 Stat. 993, as amended, 50 U.S.C. § 786.

April 15, 1959, issued an order requiring registration. Patricia Blau, one of the defendants in the Smith Act case and a member of the Committee, had intervened before the Board. She petitioned this court for review.

Before the Board, and again in this court, Mrs. Blau moved to dismiss the proceeding, on the ground that the Committee had dissolved on September 10, 1956.

The complicating procedural facts are that at the critical date in late 1956 the Smith Act case against the defendants here involved had been twice tried and twice reversed. Whether it would be tried a third time was then unknown. Blau says that on September 10, 1956, a few weeks after the Attorney General filed his petition with the Board in this present proceeding, the Committee held a special meeting and voted to dissolve. The Government does not dispute the meeting or the action, but says that the bail bonds are still in effect and, if the case is called for a third trial, it is clear the Committee will resume its activities. Blau, through her counsel, says that if there is a third trial the defendants will seek to defend themselves by every proper available means.

The Board made a finding that "it appears that the respondent took the essential steps to dissolve in September of 1956."

The court remanded the case to the Board for findings in respect to the alleged dissolution of the Committee. The Board held hearings. Mrs. Blau was the only witness. She was then still under indictment and declined, on Fifth Amendment grounds, to answer several questions concerning persons present at the dissolution meeting, the place of the meeting, and whether the Communist Party had dictated the dissolution. She said that she had been the Chairman and sole officer of the Committee and that the Committee had no charter, bylaws, or other formal rules and no formalized membership or membership requirements. She said that since September 10, 1956, the office of the Committee had not existed and that the few assets had been used to pay debts.

The Board candidly and commendably recognizes the position of Mrs. Blau and the other members of the Committee who are presently under indictment. It recommends that the court either itself fix a time within which complete evidence as to the dissolution of the Committee should be presented, or remand the case to the Board for that purpose. It seems to us, however, that we should follow the course we followed in Labor Youth League, supra. We will remand to the Board with instructions that the case be put in a status of indefinite abeyance, subject to further order of the Board, so that, if further activities on the part of the Committee warrant revival of the action, the Board may take evidence as to those activities and enter such order as then seems appropriate. It will be

So ordered.